FILED
APR 30 2012
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                Criminal No.: 1:12CR25
                                (Judge Keeley)

JEFFREY J. PAGLIA, and
PAG-CORP, INC.,

    Defendants.

## ORDER PROTECTING REAL PROPERTY

The motion of the United States for the entry of a post-indictment protective order to preserve the availability for forfeiture of the real property located at 121 Monadnock Street, Gardner, Massachusetts, (herein "the property") is GRANTED.

IT IS FURTHER ORDERED AND DECREED:

1. Defendants Paglia and Pag-Corp Inc., their agents, servants, employees, attorneys, and those persons in active concert or participation with them, are hereby restrained from, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, attempting or completing any action that would affect the availability, marketability, or value of the property, including but not limited to selling, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of any part of their interest in the property.

Should the defendants desire to transfer, convey, liquidate or encumber the property, and if the United States consents to such action, said action may take place upon condition that the proceeds of the authorized transaction shall be immediately delivered according to the government's

directions to an authorized federal agency for deposit into an interest bearing account. In the event that forfeiture is ultimately ordered, any funds received from the approved disposition of the property shall be substituted for the actual property and such funds shall be available to satisfy an order forfeiting substitute property.

2. Defendants Paglia and Pag-Corp Inc., and any person authorized by them to use the property shall not conduct or allow any unlawful activity to occur on the property.

3. Defendants Paglia and Pag-Corp Inc., and any person authorized by them to use the property shall take all reasonable precautions to prevent the destruction or diminution in value of the subject real property and any fixtures thereto.

4. Defendants Paglia and Pag-Corp Inc., and any person authorized by them to use the property shall maintain the structures, fixtures, yard and any landscaping in its current condition and shall not allow trash or other debris to accumulate.

5. Defendants Paglia and Pag-Corp Inc., shall deliver or cause to be delivered a certified copy of this Order upon any financial institution, and upon any other entity or person, holding a lien on the property.

6. Defendants Paglia and Pag-Corp Inc., and any person authorized by them to use the property shall ensure that any required mortgage payments on the subject real property shall be delivered to the lender on time.

7. Defendants Paglia and Pag-Corp Inc., and any person authorized by them to use the property shall maintain fire, flood, and hazard insurance on the property.

8. Defendants Paglia and Pag-Corp Inc., and any person authorized by them to use the property shall ensure that all property taxes are paid on time and do not become delinquent.

9. Upon request of any authorized federal law enforcement agency, the defendants and any person authorized by them to use the property, shall provide the government with proof that all required payments have been timely made. In the event of a default, the government will then be authorized by this Order to seize the property and conduct an interlocutory sale.

IT IS FURTHER ORDERED that any authorized federal law enforcement agency may enter the property, including any structures, on one or more occasions for the purpose of conducting inspections and appraisals, and be accompanied on each such occasion by any federal, state, and local law enforcement officers to ensure the safety of personnel acting under this Order. Any interference with anyone acting under the authority of this decree shall be deemed a violation of this Court Order and may be punished as contempt, or otherwise as provided by law.

IT IS FURTHER ORDERED that the defendants shall serve or cause to be served a copy of this Order upon any person or entity who is using or is authorized to use the property, and upon any entity or person who has a lien on the property.

IT IS FURTHER ORDERED that any person or entity holding a lien on the property subject to this Order shall promptly notify in writing the United States Attorney of any default. The government will then be authorized by this Order to seize the property and conduct an interlocutory sale.

IT IS FURTHER ORDERED for the reasons set forth in the Government's Application that the Clerk of the Court shall forthwith seal and the Government's *Ex Parte* Application for Post-Indictment Protective Order and this Order for seven days or until such earlier time when the United States advises the Clerk of the Court that a *lis pendens* has been filed against the property in Massachusetts. At that time the Application and this Order will be automatically unsealed

The Clerk of the Court shall forward five certified copies of this Order to Robert H. McWilliams, Assistant United States Attorney for the Northern District of West Virginia.

SO ORDERED.

Dated: April 30, 2012

*/s/ Irene M. Keeley*
IRENE M. KEELEY,
UNITED STATES DISTRICT JUDGE